# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 236 | **DATE** | 3/10/2004 |
| **CASE TITLE** | USA vs. PAUL KELLY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's motion re various documents and transcripts, preparatory to filing a 2555 petition while his appeal was still pending is granted to the limited extent indicated and is otherwise denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 11 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 6 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 MAR 10 PM 5:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
                          )
         Plaintiff,       )
                          )
    vs.                   )   No. 04 C 236
                          )
PAUL KELLY,               )
                          )
         Defendant.       )

DOCKETED
MAR 1 1 2004

## MEMORANDUM OPINION AND ORDER

Petitioner first sought, *pro se*, various documents and transcripts, preparatory to filing a §2255 petition, while his appeal was still pending. That motion was denied as premature, coincidentally on the same day his conviction was affirmed. He subsequently filed this action and renews his request.

His request for transcripts requires a certification that the suit is not frivolous and that the transcript is needed to decide the issues presented. 28 U.S.C. §753(f). We turn, then, to the issues raised in his petition.

He raises three issues, all predicated on ineffective assistance of counsel. The first is, apparently, that his counsel possibly acquiesced in or failed to prevent a violation of the Speedy Trial Act, 18 U.S.C. §3161, in that far more than thirty days elapsed between arrest and indictment. The second is that his counsel, at sentencing, failed to attack the amount of drugs calculation and the enhancement for the use of minors, and for being a leader. The third is that his appellate counsel failed to raise the Speedy Trial Act claim.

Most of the matters petitioner seeks have no relation to his claims and are sought, it

appears, in hopes that something else will turn up. These include items 1, 3, 4, 5 and 6. The only item that might possibly be helpful to petitioner is transcript from three dates in 1999, item 2. Since we do not know what then transpired, we cannot conclude that the claim is frivolous or not frivolous, and the transcript is necessary to determine that. We will, therefore, authorize preparation of the transcript for review by the court and for transmission to petitioner if it provides any support for the claim. We should advise petitioner that, even were he successful on his claim, the best he could hope for is that the government would have to begin anew, and it would be able to use the same evidence as before, including petitioner's own statements to the extent indicated by the Court of Appeals. The motion is granted to the limited extent indicated and is otherwise denied.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

___March 10___, 2004.