IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 04 c 236 |
| | ) | |
| PAUL KELLY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Paul Kelly pleaded guilty to conspiracy to import heroin and cocaine in violation of 21 U.S.C. § 963, and was sentenced to 192 months in prison. He appealed that sentence and the Seventh Circuit affirmed. United States v. Kelly, 337 F.3d 897 (7th Cir. 2003). Petitioner then filed a *pro se* motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.

Petitioner filed his 2255 motion on January 13, 2004, arguing that he is entitled to relief on four grounds: ineffective assistance of counsel, speedy trial violations, the government's failure to fulfill a downward departure agreement, and improper sentencing enhancements.[1] On September 30, 2004, the court held petitioner's speedy trial and ineffective-assistance-of-counsel arguments (as they related to counsel's failure to challenge claimed violations of the Speedy Trial Act) frivolous. The court also concluded that the downward departure argument had been determined against petitioner on direct appeal and could not be raised again. But we found that the sentencing enhancement issues required additional briefing and directed the

---

[1] Petitioner moved to vacate his sentence pursuant to United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The motion was denied because petitioner's conviction became final before January 12, 2005, and under McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), Booker does not apply in his case. *See* Minute Order, March 11, 2005, Docket No. 27.

government to respond on or before October 20, 2004. Assistant U. S. Attorney Scott Levine proceeded to file a number of motions to extend the filing deadline, which the court granted over petitioner's objections. The government did not file its response until July 28, 2005. Before petitioner files his reply brief, the court deems it necessary to address the government's response and order additional briefing.

A 2255 motion must be filed within one year after the conviction becomes final. 28 U.S.C. § 2255, ¶ 6(1). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003); *see also* Robinson v. United States, 2005 U.S. App. LEXIS 15576, 2005 WL 1790156, No. 04-1223 (7th Cir. 2005). The government states that petitioner's conviction became final on December 20, 2003, which is when the period to file a petition for a writ of certiorari ended. According to the government, petitioner filed the 2255 motion over one year after December 20, 2003. But petitioner filed on January 13, 2004, only 24 days after finality, and the government's position is therefore without merit. The government relies on this miscalculation in its response to petitioner's fourth ground for relief.

According to the government, it only possesses several pages of the May 2, 2002, sentencing hearing transcript, and it further asserts that "in order to fully substantively brief this issue, the government would need the complete sentencing transcript" (govt. resp. at 3). The government mentions the steps it has taken to locate the transcript, and states it "will make further efforts to obtain the transcript and fully brief this issue." It has not asserted that it has ordered a copy. It also asserts that briefing is not required because the motion is time-barred. Additional briefing on the sentencing issue is required, and the government is ordered

to supplement its response on that matter.[2] That supplement must be filed by August 22, 2005. The court emphasizes that no deadline extensions will be forthcoming. Petitioner will then file his reply on or before September 22, 2005.

## CONCLUSION

For the foregoing reasons, the government is ordered to file its supplemental brief in response to petitioner's sentencing enhancement arguments by August 22, 2005.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 5, 2005.

---

[2] The government may also address petitioner's claim that he received ineffective assistance of counsel at sentencing, an argument that the government ignores, along with petitioner's challenge to the performance of his appellate counsel.