

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PAUL KELLY,                          )
                                     )
          Movant,          )
                                     )
     vs.                            )    No. 04 C 236
                                     )
UNITED STATES OF AMERICA,            )
                                     )
         Respondent.      )

## MEMORANDUM OPINION AND ORDER

Petitioner Paul Kelly filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence of 192 months that was imposed after he plead guilty to conspiracy to import heroin and cocaine, in violation of 21 U.S.C. § 963. The court denied that petition (*see* <u>United States v. Kelly</u>, 2005 WL 2675035 (N.D. Ill. 2005)), and petitioner now seeks a certificate of appealability. For the following reasons we decline to issue a certificate.

Petitioner must obtain a certificate of appealability in order to appeal the denial of his section 2255 petition. <u>Buie v. McAdory</u>, 322 F.3d 980, 981 (7th Cir. 2003). We may issue a certificate only if petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). To secure a certificate petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). And if a claim is dismissed on procedural grounds, petitioner must show that reasonable jurists would debate whether the petition presents a valid constitutional claim, and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id*. But if "a plain procedural bar is present and the district court is correct to invoke it," no reasonable jurist could conclude that the court erred. *Id*. If a certificate is denied, petitioner may request a

circuit judge to issue the certificate. *See* Fed. R. App. P. 22(b)(1).

Petitioner initially raised four grounds in his section 2255 petition: ineffective assistance of counsel, speedy trial violations, failure to receive a downward departure at sentencing, and improper sentencing enhancements. As set forth in the order denying the petition, the speedy trial claims were frivolous because the extensions of time were justified and the downward departure claim lacked merit because the issue was decided against petitioner on direct appeal. *See* Kelly, 2005 WL 2675035, *1 (citing United States v. Kelly, 337 F.3d 897, 900-02 (7th Cir. 2003)). We then rejected petitioner's claim that the court erred at sentencing and his argument that he received ineffective assistance of counsel.

Petitioner argued that the court miscalculated his base offense level, and we explained that petitioner did not fix his base offense level at 26 when he plead guilty. Petitioner was informed that the Probation Office set his base offense level at 33, and that he would have the opportunity to argue for a lower offense level at the sentencing hearing (*see* Mar. 25, 2002, tr. at 23-25; Aug. 19, 2001, tr. 3-4). Petitioner's sentence did not run afoul of Apprendi v. New Jersey, 530 U.S. 466 (2000), because it did not exceed the maximum available sentence. In addition to being within the proscribed range, the enhancements were also warranted.

Petitioner challenged his enhancements for using minors (two levels), and for his leadership role (four levels). Petitioner organized a drug smuggling scheme under which contraband was concealed in baby formula cans and brought into the country. Young women served as mules and infants were used to avoid detection. The use of infants fell within the scope of section 3B1.4 of the sentencing guidelines, and the scope of his authority and conduct, which included recruiting drug smugglers, purchasing plane tickets and organizing trips to Panama, triggered the leadership enhancement from section 3B1.1(a).

The ineffective assistance of counsel claims were directed at petitioner's trial and appellate counsel. Petitioner faulted his counsel for the loss of the downward departure. But it was petitioner's refusal to participate in a ride-along with the government that was a substantial breach of the plea agreement (Kelly, 337 F.3d at 902), that entitled the government to withdraw that agreement. It was not unreasonable for trial counsel to admit the existence of six baby formula cans that were smuggled into the country. Testimony, including petitioner's statements to an investigating agent, showed that the cans existed. Trial counsel reasonably argued that petitioner was not responsible for the cans and disputed the amount of cocaine contained in the cans. In sum, petitioner failed to establish that his counsel's performance was unreasonable, and that he suffered prejudice.

In his petition for a certificate of appealability, petitioner raises the four grounds that anchored his section 2255 motion, and also adds another issue, titled "jurisdiction." We first address the jurisdiction argument. Petitioner argues that the court lacked jurisdiction to accept his guilty plea because the indictment did not charge specific drug amounts. This argument is not present in the section 2255 petition. Petitioner did argue that the court exceeded its jurisdiction (rather than acted without jurisdiction) when it sentenced him for offenses not charged in the indictment (*see* section 2255 pet. at 54-56). It is unnecessary to ask whether petitioner waived this argument because it is without merit. The indictment charged violations of federal criminal statutes, and the court therefore had subject-matter jurisdiction. United States v. Bjorkman, 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original) ("district judges *always* have subject matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law"). Petitioner's jurisdiction claim presents no substantial showing of the denial of a constitutional right. Similarly, the remaining claims fail to make

the requisite showing.

Contrary to petitioner's contention, the record clearly reflects that the court excluded delays from the speedy trial time computation. *See* Docket Nos. 23, 27, 33, 44-47, 50. These exclusions were made pursuant to the "ends of justice" provision set forth in 18 U.S.C. § 3161(h)(8)(A). The number of motions filed, and petitioner's dissatisfaction with a number of attorneys,[1] were primary reasons for the delay. *See* Oct. 27, 2000, tr. at 5. We also note that this case involved multiple defendants and several guilty pleas that were negotiated, entered, and in the case of petitioner, withdrawn.

As discussed before, the Seventh Circuit concluded that petitioner was responsible for the loss of the downward departure, and that decision bars collateral review of the issue. *See* Kelly, 2005 WL 2675035, *1 (citing Alexander v. United States, 121 F.3d 312, 313 (7th Cir. 1997)). In his petition for a certificate, petitioner argues that his appellate counsel was ineffective because he failed to include in the appellate record the sentencing hearing transcript. Without citing any page or section of the sentencing transcript, petitioner claims that it shows he did not substantially breach the plea agreement. Petitioner also claims that the government's version of the offense, filed on July 16, 2001, makes a similar showing.

Petitioner substantially breached the plea agreement by not participating in a ride-along with the government to find a woman named Debbie. The sentencing transcript bears out this fact. *See* May 5, 2002, tr. at 2-10. The July 16, 2001, document only mentions that petitioner had cooperated, and states the government's promise, which was "an agreed sentence of two-thirds of the low end of the applicable sentencing guideline range." The

---

[1] The list of attorneys who represented petitioner during the pretrial and sentencing stages, but who then withdrew at petitioner's request, includes John Meyer, Donna Hickstein-Foley, Kent Carlson, Richard Sykes, and John Beal.

document only sets forth the contents of the plea agreement, it does not state that petitioner had fulfilled his obligations, or present the downward departure as an unconditional promise. Neither the sentencing transcript nor the July 16, 2001, document shows that petitioner actually accompanied government agents to look for Debbie, which was apparently all he had to do in order to receive the downward departure.

In his improper enhancement argument, petitioner still contends that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner's sentence did not exceed the statutory maximum, and Apprendi simply does not apply. *See* United States v. Ojomo, 332 F.3d 485, 490 (7th Cir. 2003).

Turning to the ineffective assistance of counsel claim, petitioner argues that his attorneys failed him on numerous occasions. He first claims that counsel was ineffective for not challenging the pre-indictment delay, which he identifies as the root cause of due process and speedy trial violations. With respect to the due process claim, petitioner does not show that the delay caused substantial prejudice, and fails to demonstrate that the delay was an intentional device that the government implemented to gain a tactical advantage. *See* United States v. Wallace, 326 F.3d 881, 886 (7th Cir. 2003). Moreover, the pre-indictment delay did not impact petitioner's speedy trial rights. *Id.* at 885-86. Thus, the prejudice prong of the Strickland v. Washington, 466 U.S. 668 (1984), ineffective assistance of counsel standard is not satisfied. Petitioner also faults his counsel for the loss of the downward departure at the March 25, 2002, hearing. The Seventh Circuit has already decided that issue against petitioner, and it has also held that the absence of an evidentiary hearing was harmless error. As mentioned above, appellate counsel was not ineffective for not including in the appellate record the sentencing hearing transcript and the July 16, 2001, government's version of events,

because neither of those documents would have impacted the outcome on appeal.

## CONCLUSION

For the foregoing reasons, the court declines to issue a certificate of appealability.

_James B. Moran_
**JAMES B. MORAN**
Senior Judge, U. S. District Court

_Nov. 30_ , 2005.